1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

LATONYA C.,

11

Plaintiff,

v.

12

COMMISSIONER OF SOCIAL
SECURITY,

13

14

Defendant.

CASE NO. 3:23-CV-5989-DWC

ORDER REVERSING AND
REMANDING COMMISSIONER'S
DECISION DENYING BENEFITS

15      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

16   Defendant's denial of her application for supplemental security income ("SSI") and disability

17   insurance benefits ("DIB").[1] After considering the record, the Court concludes the

18   Administrative Law Judge ("ALJ") erred when he failed to properly consider Plaintiff's

19   subjective symptom testimony and the medical opinion evidence. Had the ALJ properly

20   considered Plaintiff's testimony and the medical opinion evidence, the ALJ may have found the

21   residual functional capacity ("RFC") assessment should have included additional limitations.

22

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 1

1    The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant

2    to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security

3    Administration for further proceedings consistent with this Order.

4        **I.**      **Procedural History**

5            Plaintiff applied for benefits in August 2020 and alleges disability as of August 1, 2018.

6    Dkt. 7, Administrative Record ("AR") 17. The applications were denied on initial review and

7    reconsideration and, on February 16, 2023, ALJ Lawrence Lee determined Plaintiff was not

8    disabled. AR 17-26. The Appeals Council denied Plaintiff's request for review, making the

9    August 2022 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981,

10   § 416.1481.

11       **II.**     **Standard of Review**

12           Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

13   social security benefits if the ALJ's findings are based on legal error or not supported by

14   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

15   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is

16   "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

17   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the

18   reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a

19   ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)

20   (citation omitted).

21       **III.**    **Discussion**

22           In the Opening Brief, Plaintiff alleges the ALJ erred by failing to properly consider: (1)

23   Plaintiff's subjective symptom testimony; and (2) medical opinion evidence from Ms. Lesya

24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 2

1    Bindas and Drs. Patricia Kraft and Renee Eisenhauer. Dkt. 9. Plaintiff requests the Court remand

2    this case for further administrative proceedings. *Id*.

3           A.    *Subjective Symptom Testimony*

4           First, Plaintiff asserts the ALJ failed to provide specific, clear or convincing reasons for

5    rejecting Plaintiff's subjective symptom testimony. Dkt. 9 at 3-9.

6           "An ALJ engages in a two-step analysis to determine whether a claimant's testimony

7    regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th

8    Cir. 2014). At the first step, the ALJ determines whether the claimant has presented objective

9    medical evidence of an underlying impairment that could reasonably be expected to produce the

10   pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged

11   symptoms; rather, "the medical evidence need only establish that the impairment could

12   reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14

13   F.4th 1108, 1111 (9th Cir. 2021).

14          If the claimant satisfies this first step and there is no affirmative evidence of malingering,

15   "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by

16   offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759

17   F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.*

18   (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this

19   standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-*

20   *Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

21          The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ

22   to make "specific finding[s]:"

23          [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a
             claimant's testimony by simply reciting the medical evidence in support of his or

24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 3

her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, the specific, clear, and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

At the hearing before the ALJ, Plaintiff testified that she has only maintained part-time employment. AR 37. Plaintiff lives with her father, her sister, her sister's husband, and her nephew. AR 38. Plaintiff testified that she is responsible for most household chores, including cleaning the bathrooms and the kitchen, but she completes chores only two days per week. AR 39-40, 45. Further, when she is completing chores, she must stop what she is doing every twenty to thirty minutes and sit down and rest for five to ten minutes because of stomach pain. AR 46. In her free time, Plaintiff likes to watch television and do crosswords. AR 41. She states she cannot really walk for exercise because her stomach and back will hurt. AR 42.

Plaintiff testified that she has bowel movements four to five times per day and her bowel movements come with urgency. AR 47. She will spend five to ten minutes in the bathroom and, after using the restroom, her stomach cramping requires her to sit for five minutes. AR 47-48. Plaintiff described the stomach pain as feeling like somebody is stabbing her. AR 48. Plaintiff's symptoms require her to lay down twice per day for about twenty minutes. AR 50.

Regarding Plaintiff's testimony, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 22. However, the

1    ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects

2    of these symptoms are not entirely consistent with the medical evidence and other evidence in

3    the record." AR 22.

4           The ALJ provided only one reason for discounting Plaintiff's subjective symptom

5    testimony: the ALJ found the medical records did not support the level of severity Plaintiff

6    described. *See* AR 21-23. Determining that a claimant's complaints are "inconsistent with

7    clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r*

8    *of Soc. Sec. Admin.*, 166 F.3d 1294 at 1297 (9th Cir. 1999); *see also Fisher v. Astrue*, 429 F.

9    App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not disregard [a claimant's testimony]

10   solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v.*

11   *Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006); *see Orteza v. Shalala*, 50 F.3d

12   748, 749–50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). Moreover,

13   "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's

14   testimony by simply reciting the medical evidence in support of his or her residual functional

15   capacity determination." *Brown-Hunter*, 806 F.3d at 489. Rather, to discount a claimant's

16   testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the

17   complaints are not credible." *Dodrill, v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993) (emphasis

18   added); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

19          Here, the ALJ summarized evidence contained in the medical records, but the ALJ did

20   not link the cited medical records to any specific portions of Plaintiff's testimony. *See* AR 21-23.

21   In only providing a recitation of the medical evidence, the ALJ failed to identify *which*  parts of

22   Plaintiff's testimony is unsupported and *why* Plaintiff's testimony is not supported by the

23   objective medical evidence. *See Brown-Hunter*, 806 F.3d at 492 ("the agency [must] set forth the

24

1   reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*,

2   331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge

3   from the evidence to her conclusions so that we may afford the claimant meaningful review of

4   the SSA's ultimate findings."). Furthermore, as stated above, the ALJ cannot discount Plaintiff's

5   testimony solely because it is unsupported by the medical evidence, which is precisely what the

6   ALJ did in this case. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he

7   Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely

8   because they are unsupported by objective medical evidence."). The ALJ's decision to rely

9   solely on the objective medical evidence to discount Plaintiff's testimony and the ALJ's failure

10  to adequately explain how Plaintiff's testimony is unsupported by the medical evidence is error.

11       Accordingly, the ALJ did not provide a clear and convincing reason for rejecting

12  Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's testimony,

13  the RFC and hypothetical questions posed to the vocational expert may have contained

14  additional limitations. For example, the RFC and hypothetical questions may have included

15  limitations reflecting Plaintiff's need to take five-to-ten-minute breaks every twenty to thirty

16  minutes because of pain. Because the ultimate disability determination may have changed with

17  proper consideration of Plaintiff's testimony, the ALJ's error is not harmless and requires

18  reversal. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

19       B.   *Medical Opinion Evidence*

20       Second, Plaintiff alleges the ALJ erred in his consideration in the medical opinions of

21  Ms. Bindas and Drs. Kraft and Eisenhauer. Dkt. 9.

22

23

24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 6

1      i.      Legal Standard

2          The regulations regarding the evaluation of medical opinion evidence have been amended

3    for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of*

4    *Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68;

5    *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations

6    apply. *See* 20 C.F.R.  §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not

7    defer or give any specific evidentiary weight, including controlling weight, to any medical

8    opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a),

9    416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical

10   findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20

11   C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's

12   "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the

13   supportability and consistency factors for a medical source's medical opinions or prior

14   administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2),

15   416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical

16   opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32

17   F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1).

18   "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence

19   from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792

20   (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

21      ii.      Ms. Bindas

22          On March 26, 2021, Lesya Bindas, PMHNP-BC, performed a mental evaluation of

23   Plaintiff. AR 591-94. After reviewing prior records, conducting a clinical interview, and

24

1  conducting a mental status examination ("MSE"), Ms. Bindas diagnosed Plaintiff with Suspected

2  Major Depressive Disorder, single episode, moderate. AR 591-94. Ms. Bindas opined that

3  Plaintiff's ability to reason and understand and her remote memory were fair. AR 594. She found

4  Plaintiff's sustained concentration and persistence were fair. AR 594. She opined that Plaintiff's

5  recent memory, immediate memory, and social functioning and interaction were impaired. AR

6  594. Ms. Bindas found Plaintiff had fair ability to adapt to situations. AR 594. Overall, Ms.

7  Bindas stated that Plaintiff's symptoms of suspected Major Depressive Disorder could impact

8  Plaintiff's ability to be a dependable employee or to tolerate changes in the work environment.

9  AR 594.

10       The ALJ discussed Ms. Bindas's findings and then stated,

11       The undersigned finds this opinion to be unpersuasive. Although some memory
         deficiencies were noted on mental status examination during Ms. Bindas
12       examination of the claimant, this opinion was based upon a one-time examination
         of the claimant. In addition, the opinion is inconsistent with the record as a whole,
13       including with the claimant's reports that she has received no mental health
         treatment as of the date of the hearing. The opinion is also inconsistent with the
14       claimant's reports that she watches television, does crossword puzzles, hangs out
         with family, and lives with 4 other adults. Moreover, the opinion is further
15       inconsistent with findings that she had a normal mood and affect, and with findings
         that she demonstrated good judgment and insight.
16
   AR 24 (internal citations omitted).
17
         First, the ALJ found Ms. Bindas's opinion regarding memory deficiencies unpersuasive
18
   because it was a one-time examination. AR 24. The ALJ is permitted to consider the length,
19
   purpose, and extent of the treating relationship in considering the persuasiveness of a medical
20
   opinion under the new regulations. *See* 20 C.F.R. § 404.1520c(c)(3). However, the fact Ms.
21
   Bindas only examined Plaintiff once, standing alone, is not a legally sufficient basis for rejecting
22
   her opinions. *See Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014)
23
   ("Discrediting an opinion because the examining doctor only saw claimant one time would
24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 8

1    effectively discredit most, if not all, examining doctor opinions."); *Mary Elizabeth C. v. Saul*,

2    2020 WL 2523116, at *8 (C.D. Cal. May 18, 2020) (finding ALJ improperly discounted opinion

3    "on the basis that his evaluation was based on a single examination); *Sean B. v. Comm'r, Soc.*

4    *Sec. Admin.*, 2023 WL 7404567 (D. Or. Nov. 9, 2023) ("A one-visit sample size may be a reason

5    to discount an examining doctor's opinion relative to the opinion of a more longstanding treating

6    doctor, but it is not a reason to discount the examining doctor's opinion on its own."). The ALJ

7    erred by finding Ms. Bindas's opinion was unpersuasive because it was a one-time examination.

8         Second, the ALJ found Ms. Bindas's opinion unpersuasive because her opinion was

9    inconsistent with the record as a whole that showed Plaintiff has received no mental health

10   treatment. AR 24. The ALJ does not adequately explain how Ms. Bindas's opinion is

11   inconsistent with the record. Further, Ms. Bindas was aware Plaintiff had not received mental

12   health treatment when she examined Plaintiff and submitted her opinion. *See* AR 591. The ALJ

13   does not explain or reconcile Ms. Bindas's acknowledgement of Plaintiff's treatment history

14   with his finding that Plaintiff's treatment history is inconsistent with Ms. Bindas's findings.

15   Finally, the Ninth Circuit has held "the fact that [the] claimant . . . did not seek treatment for a

16   mental disorder until late in the day is not a substantial basis on which to conclude that [a

17   physician's] assessment of claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462,

18   1465 (9th Cir. 1996). Therefore, the ALJ erred by finding Ms. Bindas's opinion was

19   unpersuasive because it was not supported by the record.

20        Third, the ALJ found Ms. Bindas's opinion was inconsistent with the Plaintiff's reports

21   that she watches television, does crossword puzzles, hangs out with family, and lives with four

22   other adults. AR 24. Here, the ALJ failed to explain how Plaintiff's limited daily activities are

23   inconsistent with Ms. Bindas's opinion. Instead, the ALJ "merely states" these facts "point

24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION DENYING
BENEFITS - 9

1    toward an adverse conclusion" but "makes no effort to relate any of these" facts to "the specific

2    medical opinions and findings [he] rejects." *Embrey,* 849 F.2d at 421. "This approach is

3    inadequate." *Id*. Moreover, Ms. Bindas considered Plaintiff's activities of daily living and

4    Plaintiff's social functioning when reaching her opinion. AR 593-94. Specifically, Ms. Bindas

5    considered that Plaintiff could perform her self-care independently, could cook, could perform

6    housework tasks, had family members and a boyfriend as support in her life, and enjoyed word

7    games on her phone. AR 593-94. As the ALJ failed to provide more than a conclusory statement

8    that Ms. Bindas's opinion was inconsistent with Plaintiff's activities of daily living and as Ms.

9    Bindas considered Plaintiff's daily activities in reaching her opinion, the ALJ's third reason for

10   finding Ms. Bindas's opinion unpersuasive is not valid. *See Woods,* 32 F.4th at 792 ("Even under

11   the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as

12   unsupported or inconsistent without providing an explanation supported by substantial

13   evidence.").

14           Finally, the ALJ found Ms. Bindas's opinion was inconsistent with findings that Plaintiff

15   had a normal mood and affect, and with findings that she demonstrated good judgment and

16   insight. AR 24. The ALJ has failed to explain how these findings are inconsistent with Ms.

17   Bindas's opinion. This is error. Moreover, in reaching her opinion, Ms. Bindas found Plaintiff

18   had good judgment. AR 593. She also noted Plaintiff stated her mood was "getting better" and

19   her affect was constricted and congruent with her stated mood. AR 592. While some treatment

20   notes related to other medical issues note normal mood, affect and judgment, the ALJ fails to

21   explain why Ms. Bindas's observations and opinion related to Plaintiff's mental health is

22   inconsistent with her finding and less persuasive than a treatment note unrelated to Plaintiff's

23   mental health. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ

24

1 to build an accurate and logical bridge from the evidence to her conclusions so that we may

2 afford the claimant meaningful review of the SSA's ultimate findings."). Therefore, the ALJ's

3 fourth reason for finding Ms. Bindas's opinion is not valid.

4       For the above stated reasons, the ALJ failed to provide a sufficient reason for finding Ms.

5 Bindas's opinion unpersuasive. Therefore, the ALJ erred. Had the ALJ properly considered Ms.

6 Bindas's opinion, the RFC and hypothetical questions posed to the vocational expert may have

7 contained additional limitations and impacted the ultimate disability determination. Therefore,

8 the ALJ's error is not harmless and requires reversal.

9       iii.    Drs. Kraft and Eisenhauer

10       Plaintiff also argues the ALJ erred in his consideration of the medical opinions submitted

11 by Drs. Patricia Kraft, Ph.D. and Renee Eisenhauer, Ph.D. Dkt. 9. The ALJ discussed Drs.

12 Kraft's and Eisenhauer's opinions and determined the opinions were unpersuasive because they

13 were based on Ms. Bindas's evaluation of Plaintiff. AR 25. The ALJ also stated,

14     the findings are inconsistent with the record as a whole, including with the

15     claimant's reports that she has received no mental health treatment as of the date of the hearing. The opinion is also inconsistent with the claimant's reports that she

16     watches television, does crossword puzzles, hangs out with family, and lives with 4 other adults. Moreover, the opinion is further inconsistent with findings that she

17     had a normal mood and affect, and with findings that she demonstrated good judgment and insight.

18 AR 25 (internal citations omitted). The ALJ provided the same reasons for rejecting Drs. Kraft's

19 and Eisenhauer's opinions as he provided for rejecting Ms. Bindas's opinion. *See* AR 24. The

20 Court concluded the ALJ erred in his consideration of Ms. Bindas's opinion. As the ALJ rejected

21 Drs. Kraft's and Eisenhauer's opinions because they were based on Ms. Bindas's opinion and as

22 the ALJ provided the same invalid reasons for rejecting Drs. Kraft's and Eisenhauer's opinions

23

24

as he gave for rejecting Ms. Bindas's opinion, the Court finds the ALJ erred. On remand, the ALJ must re-evaluate Drs. Kraft's and Eisenhauer's opinions.

**IV.    Conclusion**

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Plaintiff requests remand for further administrative proceedings. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order.

Dated this 19th day of April, 2024.

David W. Christel
United States Magistrate Judge